UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 07-80723-CIV-RYSKAMP/VITUNAC

RALPH CHACKAL and
JUDY CHACKAL,

    Plaintiffs,
v.

THE UNITED STATES OF AMERICA

    Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

THIS CAUSE comes before the Court upon defendant's motion to dismiss and in the alternative, motion for summary judgment **[DE 26,29]** filed on September 30, 2008 along with their statement of material facts **[DE 27]**.  Plaintiffs responded **[DE 30]** on October 10, 2008 with an affidavit **[DE 31]** and their statement of material facts **[DE 32]**.  Defendant replied **[DE 34]** on October 23, 2008.  This Court held a hearing on November 7, 2008 to consider the motion.  Later that day, defendant filed a portion of the USACE handbook, which was referenced during the hearing **[DE 36]**.  The matter is now ripe for adjudication.

**I. Introduction**

This is an action for declaratory judgment to determine the property rights of plaintiff and defendant.  The dispute concerns real property that plaintiffs' purchased on August 23, 1989, located at 2114 South Suzanne Circle, North Palm Beach, Florida, 33408 with the following legal description:

A parcel of land in Government Lot 2, Section 5, Township 42 South, Range 43

East, Palm Beach County, Florida, being more particularly described as follows:

> From the Northeast corner of Government Lot 2, run South 2 degrees 01' 47" West 905.88 feet on the East line of Government Lot 2; thence North 88 degrees 39' 42" West 513 feet to the Point of Beginning; thence North 88 degrees 39' 42" West 145.93 feet to the Easterly right-of-way line of Intracostal Waterway; thence North 2 degrees 13' 54" West on said Easterly right-of-way line 73.13 feet; thence South 88 degrees 39' 42" East 151.36 feet; thence South 2 degrees 01' 47" West 73 feet to the Point of Beginning.

The Warranty Deed also states that the land is "subject to restrictions, reservations, limitations or easements of record, if any."

On May 14, 2001, plaintiffs acquired, by Special Warranty Deed, another tract of land that is contiguous and west of the property named above at 2109 S. Suzanne Circle, North Palm Beach, Florida 33408 with the following legal description:

> Portion of Parcel No. 2, Intracostal Waterway from Jacksonville to Miami, Section 5, Township 42 South, Range 43 East, as recorded in Plat Book 17, Page 29, Public Records of Palm Beach County, Florida, lying Westerly of Lot 10 and North one-half of 34 foot strip as shown on a survey for Doctor and Mrs. Ernest Carleton and recorded in Official Records Book 102, at page 654, Palm Beach County Public Records, more particularly described as follows:
>
> Commencing at the Northeast corner of Government Lot 2, Section 5, Township 42 South, Range 43 East, Palm Beach County, Florida, Run South 2 degrees 01' 47" West on the East line of said Section 5 a distance of 905.88 feet; thence North 88 degrees 39' 42" West 658.93 feet to a point on the Easterly right-of-way line of Intracostal Waterway from Jacksonville to Miami, Section 5, Township 42 South, Range 43 East, as recorded in Plat Book 17, Page 29, Public Records of Palm Beach County, Florida; thence North 2 degrees 13' 54" West along said Easterly right-of-way line, a distance of 90.45 feet to the Point of Beginning; thence continue North 2 degrees 13' 54" West a distance of 92.45 feet; thence North 88 degrees 39' 42" West to the East limits of the channel of the said Intracostal Waterway, as described in Official Records Book 59, page 91, Public Records of Palm Beach County, Florida; thence Southerly, along the East limits of said channel to a point; thence South 88 degrees 39' 42" East to the Point of Beginning.
>
> Subject to easements of record.

Pursuant to the River and Harbor Act, on September 17, 1931, John McLaughlin, a predecessor in interest, granted defendant an easement on the Suzanne Circle property described as thus:

> Parcel 2, Sheet 9 of the right-of-way of the Intracostal Waterway from Jacksonville, Florida, to Miami, Florida, though Palm Beach County, Florida, according to plat thereof of record in the current public records in the office of the Clerk of the Circuit Court, in and for said Palm Beach County, in Plat Book 17, at Page 9.

The easement granted the government the right to use or excavate the land as may be required to maintain the Intracostal waterway:

> AND WHEREAS, the said tract or parcel of land is required for right of way purposes in connection with the construction of the aforesaid Intra-costal Waterway; ...
>
> [McLaughlin grants the United States of America] the perpetual right and easement to enter upon,
>
> excavate, cut away, and remove any or all of the hereinbefore described tract of land as may be required at any time for the construction and maintenance of the said Intra-costal Waterway, or any enlargement thereof, and to maintain the portion so excavated and the channel thereby created as a part of the navigable waters of the United
>
> States; and the further perpetual right and easement to enter upon, occupy and use any portion of said tract of land, not so cut away and converted into public navigable waters as aforesaid, for the deposit of dredged material, and for such other purposes as may be needful in the preservation and maintenance of the said Intra-costal Water-
>
> way; RESERVING [to the grantor and his successors]... such rights and privileges in said tract of land as may be used and enjoyed without interfering with or abridging the rights and easements hereby conveyed to the party of the second part.
>              TO HAVE AND TO HOLD ... forever.

As such, the Suzanne Circle property was encumbered by the easement when plaintiffs purchased

it in 2001.

Shortly after acquiring the contiguous property in 2001, plaintiffs built a swimming pool and spa, a portion of which extends over into the easement. It appears that Palm Beach County officials became aware of the encroachment after construction on the pool and spa commenced and advised the United States Army Corps of Engineers (USACE) of the encroachment in October, 2002. On October 4, 2002 Palm Beach officials informed plaintiffs that the permit for their pool would be revoked. At that point, plaintiffs repeatedly requested a "Consent to Easement" from the USACE. Each time the USACE denied the request and demanded that plaintiffs remove the portion of the pool and spa that encroach on the easement. As a result, plaintiffs filed the instant action. Based on representations in the response, plaintiffs have dismissed counts one and three. As such, only count two remains, a request for declaratory judgement that the pool and spa does not interfere with the easement deed. This Court holds that the pool and spa impermissibly encroach on the easement and therefore grant defendant's motion for the following reasons.

**II. Standard of Review**

This Court construes defendant's motion as one for summary judgment. As such, a party is entitled to summary judgment when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment should be entered only when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the nonmoving party. *See Sweat v. Miller Brewing Co.,*

708 F.2d 655 (11th Cir. 1983). Summary judgment is mandated when a plaintiff "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In considering a motion for summary judgment, the Court must construe all facts and draw all reasonable inferences in favor of the non-moving party. *HCA Health Services of Ga., Inc. v. Employers Health Ins. Co.*, 240 F.3d 982, 991 (11th Cir. 2001). The non-moving party bears the burden of coming forward with evidence of each essential element of their claims, such that a reasonable jury could find in his favor. *See Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1080 (11th Cir. 1990). The burden is not a heavy one; however, the non-moving party "[m]ay not rest upon the mere allegations and denials of [its] pleadings, but [its] response ... must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "It is the obligation of the non-moving party, however, not the Court, to scour the record in search of the evidence that would defeat a motion for summary judgment: Rule 56 'requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Lawrence v. Wal-Mart Stores, Inc.,* 236 F. Supp. 2d 1314, 1322 (M.D. Fla. 2002) (quoting *Celotex*, 477 U.S. at 324). Moreover, mere conclusory, uncorroborated allegations by a plaintiff in an affidavit or deposition will not create an issue of fact for trial sufficient to defeat a well-supported motion for summary judgment. *See Earley*, 907 F.2d at 1081. The failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial and requires the court to grant the motion for

summary judgment.  *See Celotex*, 477 U.S. at 322.

### III. Discussion

As an initial matter, the United States has not consented to being sued and is therefore immune.  The United States is immune from a lawsuit unless it specifically waives its immunity.  *U.S. v. Idaho ex rel. Director, Idaho Dep't of Water Res.*, 508 U.S. 1, 6 (1993); *U.S. v. Mitchell*, 445 U.S. 535, 538 (1980); *Dugan v. Rank*, 372 U.S. 609, 620 (1963).  Plaintiff cites 28 U.S.C. §1346(f) and 28 U.S.C. §2409a(a) as the statutory basis for defendant having waived its immunity.

According to §1346(f), the United States consents to jurisdiction in a civil action under 28 U.S.C. §24029a for quiet title where it claims an interest in the property.  Section 2409a(a) provides that the United States may be named as a defendant in a civil action to resolve a title dispute to real property.

Since it is undisputed that plaintiffs own the property, but that the government has a lawful easement on that property, there is no action for quiet title and defendant has therefore not waived its immunity to the lawsuit.  Plaintiffs also request that this Court grant it leave to file an amended complaint, which this Court declines to do.

Even if defendant had waived its sovereign immunity, plaintiffs cannot prevail on the merits.  In count two of the amended complaint, plaintiffs allege that the "parties are in doubt as to the existence of the rights and obligations under the Easement Deed and a construction is necessary in order to determine the rights and obligations of the parties."  Plaintiffs argue that they have a right to construct improvements, such as a pool and spa, on the easement if the improvement does not interfere with the rights and privileges granted in the easement deed.

Plaintiffs argue that the purpose of the easement is allow the government to store dredge materials on the land. Since the parcel is too small to be used in this way, and since the government has not previously used and does not plan to use the site for this purpose, then the government has no intent to use the property and therefore plaintiff's pool and spa do not interfere with the government's rights under the easement.

In making this argument, plaintiffs ignore much of the language in the easement deed. It is true that the easement does provide the government the power to store dredge material on the property. Plaintiffs, however, ignore that the easement also permits defendant to excavate the land or otherwise use it "for such other purposes as may be needful in the preservation and maintenance" of the Intracostal. This is a broad grant to defendant and not limited to the storage of dredge material.[1] In fact, the easement grants defendant the right to use the land *in any way* to preserve and maintain the intracostal. This may include an exhaustive list of possibilities a few of which could be excavating the land, using the land as a staging area or storing materials on the site. Accordingly, since defendant's rights and privileges in the easement are significantly broader than plaintiffs' characterization. The pool is an interference and whether it should be removed is determined by applying defendant's encroachment policy.

Defendant's policy is to require the removal of any encroachment. An encroachment is defined, in §4(a) of the "Real Estate Encroachment and Trespass Resolution Policy" as:

---

[1] Although not specifically referencing the provision, it appears that plaintiffs rely on the language in §5(a) of the Government's "Real Estate Encroachment and Trespass Resolution Policy" which requires the government to "establish a continuing need for the particular area" when the encroaching structure is in a dredged material placement area easement. This provision of the policy is irrelevant here since the easement grants the government the ability to use the land in multiple ways, not simply for the storage of dredged materials.

> a structure or improvement built ... which interferes or potentially interferes with real estate interests of the United States. An encroachment has occurred where the structure extends over, across, in, or upon lands and waters in which the Government owns a real estate interest which would prohibit such, and the structure or improvement has not been approved in writing by the U.S. Army Corps of Engineers.

A swimming pool is an example of a permanent structure as defined by §4(b).

Defendant does have limited exceptions to the removal policy if the encroaching party can show, among other things, that the encroachment was unintentional. Pursuant to §5(c), an encroachment is unintentional when the encroaching party acted on (1) an erroneous private survey, preformed before the Government line was surveyed and marked; (2) an erroneous Government survey; or (3) erroneous information provided by the Government, accompanied by official documentation.

Plaintiffs acknowledge the policy, but argue that Section III of the United States Army Corps of Engineers Handbook is inconsistent and that the handbook supercedes the policy. After reviewing the handbook, this Court holds that it is not inconsistent with the policy. Plaintiffs rely on language in the handbooks' definition of encroachment which provides that a structure is an encroachment only if it is prohibited in the deed. Plaintiffs then go on to argue that there is no language in the deed that references swimming pools or any other structure. As such, plaintiffs argue that their swimming pool and spa should remain. Plaintiffs, however, are incorrect because the easement prohibits the land owner from using and enjoying the property in any way that interferes with or abridges defendant's rights. Since defendant has a right to maintain the land in a state to preserve and maintain the Intracostal Waterway, and since defendant has determined that the spa and pool interfere with its easement rights, the spa and pool encroach on the

easement.  Accordingly, plaintiffs must remove the portion of the pool and spa that encroaches on defendant's easement.

ORDERED and ADJUDGED that defendants's motion to dismiss is denied as moot **[DE 26]** and the motion for summary judgment **[DE 29]** is GRANTED as to counts one and three, per plaintiff's concession in their objections and count two for the reasons stated above.

DONE AND ORDERED in Chambers at West Palm Beach, Florida, this 21 day of November, 2008.

       /s/ Kenneth L. Ryskamp  
KENNETH L. RYSKAMP  
UNITED STATES DISTRICT JUDGE

Copies provided to:  
All counsel of record